IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>FRANK WASZUT | Criminal Action No.<br>1:25-cr-00423-MLB-JSA |

## GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS

The United States of America, by and through its attorneys, respectfully asks the Court to deny Defendant Frank Waszut's motion to dismiss the indictment. Waszut argues that the indictment seeks to "punish him for speech protected under the First Amendment." Doc. 32 at 3. He is wrong. The indictment charges Waszut with making a true threat—speech that "lie[s] outside the bounds of the First Amendment's protection." *Counterman v. Colorado*, 600 U.S. 66, 72 (2023). Waszut disputes that his conduct qualifies as a true threat. But that is a question for the jury. To survive Rule 12 scrutiny, an indictment need only accurately charge the elements of the offenses and notify the defendant of the facts and circumstances underlying the charge such that double jeopardy attaches. The indictment far surpasses that minimal standard.

Waszut nevertheless challenges the sufficiency of the evidence against him. But Rule 12 does not permit "a pre-trial judgment as a matter of law on the merits." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). Whether Waszut's Instagram post constitutes a true threat is a deeply context-dependent

question that must be "developed at trial" and resolved by a jury. *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). That is especially true because Waszut's arguments depend on unsubstantiated evidence from outside the indictment, which this Court cannot consider while reviewing a motion to dismiss. The Court should deny Waszut's motion.

## 1. BACKGROUND

On August 20, 2025, Waszut posted photographs of a United States Department of Homeland Security agent on Instagram. Doc. 3 at 1–2. He also posted photographs of the agent's wife. In an accompanying caption, Waszut identified the agent by name and stated in part: "[H]e's an ICE agent this is him unmasked and also his wife . . . . So, go ahead and make him famous. And if you see this motherfucker out in public give him the cell block one treatment. You know, catch him when he's alone." *Id.* at 2.

On September 23, 2025, a federal grand jury returned a one-count indictment against Waszut. *See generally id.* The indictment charges Waszut with one count of making true threats in violation of 18 U.S.C. § 875(c). On May 2, 2026, Waszut filed a motion to dismiss the indictment. Doc. 32.

## 2. ARGUMENT

Waszut contends that the conduct alleged in the indictment fails to charge an offense because his speech is protected by the First Amendment. *See* Fed. R. Crim. Pro. 12(3)(B)(v) (authorizing dismissal if the indictment fails "to state an offense"). "The sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). This Court considers

whether "the factual allegations in the indictment," viewed in "the light most favorable to the government," are "sufficient to charge the offense as a matter of law." *United States v. Sharpe*, 438 F.3d 1257, 1258–59 (11th Cir. 2006) (citation omitted). The indictment more than meets that standard.

### A. The indictment sufficiently alleges that Waszut made a true threat in violation of 18 U.S.C. § 875(c).

Especially when viewed in a light most favorable to the government, the indictment accurately states the elements of 18 U.S.C. § 875(c) and apprises Waszut of the general facts and circumstances underlying the charged offense.

An indictment must "allege facts which constitute a prosecutable offense." *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983). That standard is not onerous. "[A]n indictment need not 'allege in detail the factual proof that will be relied upon to support the charges.'" *United States v. Gbenedio*, 95 F.4th 1319, 1328 (11th Cir. 2024) (citation omitted). "An indictment is considered legally sufficient if it: '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (citation omitted).

An "indictment is sufficient if it charges in the language of the statute," and the indictment here accurately states the elements of the charged offense. *Critzer*, 951 F.2d at 307. Section 875(c) criminalizes "any threat to injure the person of another" that is "transmit[ted] in interstate or foreign commerce." 18 U.S.C.

§ 875. To be culpable, the defendant must know "that the communication will be viewed as a threat," *Elonis v. United States*, 575 U.S. 723, 740 (2015), or "consciously disregard[]" a "substantial risk" that "'others could regard [the] statements as' threatening violence," *Counterman*, 600 U.S. at 79–80 (citations omitted). The indictment directly tracks those elements. It alleges that Waszut, "consciously disregarding a substantial risk that his communication would be viewed as threatening violence, knowingly transmitted a communication in interstate and foreign commerce . . . that contained a threat to injure" the agent. Doc 3 at 1–2.

The indictment also contains "a statement of the facts and circumstances [sufficient to] inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (citation omitted). The indictment identifies a specific Instagram post, issued on August 20, 2025, that displayed photographs of a federal agent and the agent's wife. Doc. 3 at 1–2. The indictment then quotes Waszut's accompanying threat to injure the agent: "[H]e's an ICE agent this is him unmasked and also his wife . . . . So, go ahead and make him famous. And if you see this motherfucker out in public give him the cell block one treatment. You know, catch him when he's alone." *Id.* The indictment's identification of a specific threat, made on a specific day, is more than "sufficient to adequately inform" Waszut "of the charges against" him. *Hamling*, 418 U.S. at 119.

Waszut does not dispute that the indictment states the elements of a violation of 18 U.S.C. § 875(c). Nor does he argue that the indictment fails to provide "fair

notice" of the charges "sufficient to enable [him] to prepare a defense." *Jordan*, 582 F.3d at 1246. The indictment is thus legally sufficient.[1] And "[b]ecause [Waszut] was properly indicted, the government is entitled to present its evidence at trial." *Salman*, 378 F.3d at 1268.

**B. Waszut may not challenge the sufficiency of the evidence in a motion to dismiss.**

Waszut nevertheless contends that the Instagram post in question "does not constitute a 'true threat' under the First Amendment." Doc 32 at 1. His motion improperly asks this Court to resolve disputed factual questions of intent, credibility, and context. But the Court must assume the factual allegations in the indictment are true and view them in the light most favorable to the Government. *Sharpe*, 438 F.3d at 1258. "[A] court may not dismiss an indictment" on "a determination of facts that should [be] developed at trial." *Torkington*, 812 F.2d at 1354. And to the extent Waszut relies on evidence from *outside* the indictment, he improperly asks for pre-trial "summary judgment" on the "sufficiency of the evidence," which the Federal Rules of Criminal Procedure do not authorize. *Salman*, 378 F.3d at 1268 & n.5.

[1] Waszut summarily argues that "the statute being used to prosecute him . . . fails to provide fair warning of what it proscribes in violation of the Fifth Amendment." Doc. 32 at 3. He never develops this argument. And it is wrong. *See United States v. Miah*, 120 F.4th 99, 108 (3d Cir. 2024) (rejecting argument that 18 U.S.C. § 875(c) is void for vagueness); *United States v. Sutcliffe*, 505 F.3d 944, 953–54 (9th Cir. 2007) (same).

**1. Rule 12 does not allow this Court to resolve disputed factual questions about whether Waszut made a true threat.**

Waszut argues that because the indictment quotes Waszut's Instagram post "there are no disputed facts relevant to its content" and "the issue is purely legal." Doc. 32 at 8. Wrong on both points.

Waszut offers a laundry list of context-dependent reasons why his Instagram post does not qualify as a true threat. He argues, for instance, that the post reflects political hyperbole, "personal insult," and "sarcasm," but no "threat of harm." *Id.* at 4–5. He dismisses the reference to "cell block one treatment" as "metaphorical," *id.* at 4, insisting that "[n]o reasonable observer could interpret [the post] as a serious expression of violence," *id.* at 5. And Waszut contends that he could not have been "aware of a substantial risk that the statement would be viewed as a threat" because it was "obviously a fantasy scenario." *Id.* at 7–8.

These are jury arguments. "[W]hether a communication is a threat is a question of fact to be left to the jury." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). That is because, as Waszut concedes, "[c]ontext is critical in evaluating alleged threats." Doc. 32 at 5. The difference between mere "political hyperbole" and a "true threat" can depend on "time, place," and "particularity." *United States v. Burger*, 170 F.4th 395, 402 (5th Cir. 2026). Jurors might reasonably view "a statement in a play or a movie" differently than the same statement made in an Instagram post that publicly identified a federal agent and his family. *Id.* Context is especially important here, as Waszut's post included cryptic statements. For example, Waszut asserted that the federal agent should be "ca[ught] when he's alone" and given the "cell block

one treatment." Doc. 3 at 2. Waszut argues that statement—which he says references rap lyrics from Kendrick Lamar—is "hyperbole," "fantasy," and "metaphorical." Doc 32 at 4. But interpreting the meaning of those words, in context, is a job for the jury.

The question whether Waszut recklessly disregarded a substantial risk that his post would be viewed as a threat must also "be determined initially at his trial." *United States v. Knox*, 396 U.S. 77, 83 & n.7 (1969) (holding that "evidentiary questions [involving intent] should not be determined on [a Rule 12] motion"). "Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury." *Morissette v. United States*, 342 U.S. 246, 274 (1952). Even if the Court believes the evidence of intent is "incontrovertible," the "question of intent can never be ruled as a question of law." *Id.* And despite Waszut's self-serving denial that he had a "reasonable reason to believe that" his post "would be taken as a direct threat," Doc. 32 at 7, the jury may find that argument non-credible. *See Burger*, 170 F.4th at 404–05 (holding that the district judge erred by resolving in a Rule 12 motion the question whether the defendant recklessly disregarded the risk that his statements would be understood as a threat).

In short, despite Waszut's attempts to deny it, *see* Doc 32 at 6, 9, the context surrounding the meaning and intent behind his Instagram post is deeply disputed. The jury, not this Court, must resolve these "disputed questions of fact." *Burger*, 170 F.4th at 401.

**2. Waszut may not challenge the sufficiency of the indictment by relying on evidence from outside the indictment.**

At the pretrial conference, Waszut disclaimed any request for dismissal based on evidence beyond the allegations in the indictment. But Waszut's motion to dismiss repeatedly relies on such evidence. *See* Doc. 32 at 2, 5, 6 (quoting language from the Instagram post not quoted in the indictment); *id.* at 3, 5 (referencing language from Waszut's Instagram profile not found in the indictment); *id.* at 3 (asserting that no individuals complained about Waszut's post or contacted law enforcement); *id.* at 4 (asserting that Waszut's post quoted "a rap song by Kendrick Lamar"); *id.* at 5, 7 (asserting that "hundreds of thousands of people" made similar Instagram posts). Waszut may not seek dismissal based on these unproven assertions.

"There is no summary judgment procedure in criminal cases." *Critzer*, 951 F.2d at 307. "The sufficiency of a criminal indictment is determined from its face." *Id.* "[I]t is not for the courts to filter which criminal cases may reach the trial stage" by "looking beyond the face of the indictment and ruling on the merits of the charges." *Salman*, 378 F.3d at 1267, 1269. If the defendant is "properly indicted, the government is entitled to present its evidence at trial." *Id.* at 1268. At that trial, Waszut may argue to the jury that the evidence is insufficient. After that trial, he may file a "motion for acquittal under Rule 29" arguing the evidence is insufficient to convict him. *Id.* But the Federal Rules of Criminal Procedure do not allow him to obtain "pre-trial determination of sufficiency of the evidence" based on evidence beyond the indictment. *Critzer*,

951 F.2d at 307 (citation omitted); *see also Sharpe*, 438 F.3d at 1263 (holding that a district court may not consider "the overall sufficiency of the *evidence*").

It does not matter if the defendant relies on undisputed facts. The Eleventh Circuit has long held that "there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure." *Salman*, 378 F.3d at 1268. In *Salman*, the district court dismissed an indictment after concluding, based on "based on certain undisputed facts," that the defendant could not be guilty "as a matter of law." *Id.* at 1267. Similarly, in *Critzer*, "[t]he court determined that, assuming the facts to be true, defendant's actions did not constitute a violation of federal law." 951 F.2d at 307. The Eleventh Circuit reversed the district court's pretrial dismissal in both cases. It makes no difference whether the defendant challenges the "indictment as a matter of law based on stipulated or undisputed facts" or "on the basis that the government's proffered evidence is insufficient to prove the facts alleged." *Salman*, 378 F.3d at 1268 n.5. District courts may not "grant[] a motion to dismiss predicated on the insufficiency of the evidence" supporting the allegations in the indictment, "whether it be based in fact or law." *Id.*

Given this controlling Eleventh Circuit precedent, Waszut's reliance on contrary cases from other circuits, Doc. 32 at 3-4, is irrelevant. Those circuits allow district courts to dismiss an indictment if undisputed evidence establishes an infirmity in the prosecution as a matter of law. *See United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994). But the Eleventh Circuit has ruled that district courts may not look beyond

the allegations of the indictment, as the Fifth Circuit has recognized. *See Flores*, 404 F.3d at 325.

Waszut's reliance on unsubstantiated evidence from outside the indictment is improper, and those arguments should be disregarded.

**C. Because the indictment properly alleges that Waszut made a true threat, the prosecution does not violate the First Amendment.**

That leaves Waszut's argument that the indictment "seeks to punish him for speech protected under the First Amendment." Doc. 32 at 3. That is wrong. True threats "lie outside the bounds of the First Amendment's protection." *Counterman*, 600 U.S. at 72. At the close of trial, the jury will be given the legal definition of a true threat and instructed that the government must prove beyond a reasonable doubt that Waszut knowingly or recklessly sent a message containing a true threat. *See* Eleventh Circuit Pattern Jury Instructions, O30.3 (2025). If the jury believes that Waszut's post was not "a serious expression of an intent to commit an act of unlawful violence," *Virginia v. Black*, 538 U.S. 343, 359 (2003), he will face no punishment. Because Waszut will be convicted only if a jury concludes that he made a true threat, his First Amendment challenge to the indictment necessarily fails.

**Conclusion**

The Court should deny the motion to dismiss the indictment.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/BRENT ALAN GRAY
*Assistant United States Attorney*
Georgia Bar No. 155089
Brent.Gray@usdoj.gov

/s/DREW F. WALDBESER
*Assistant United States Attorney*
Georgia Bar No. 862285
Drew.Waldbeser@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Amber Vazquez
Vazquez Law Firm, PLLC
608 West 12th Street.
Austin, TX 78701
amber@criminallawaustin.com
512-220-8507

Zachary J. Kelehear
The Findling Law Firm, P.C.
3575 Piedmont Rd NE
Ste Tower 15, Suite 1010
Atlanta GA, 30305
zack@findlinglawfirm.com
404-460-4500

June 15, 2026

/s/ DREW F. WALDBESER
DREW F. WALDBESER
*Assistant United States Attorney*