**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | |
| v. | ) | 1:25-cr-00423 |
| | ) | |
| FRANK ANDREW WASZUT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FRANK WASZUT'S REPLY IN SUPPORT OF
HIS MOTION TO DISMISS THE INDICTMENT**

A "true threat" is a serious expression of an intent to commit an act of unlawful violence on the face of the communication. *Virginia v. Black*, 538 U.S. 343, 359 (2003). The statement attributed to Mr. Waszut is not such an expression. It contains no expression of intent to harm anyone, names no act of violence, and identifies no weapon, plan, time, or place. Only by supplying an external definition, as the Indictment itself does, can the Government make the words appear menacing. Words that require the Government's explanation to become threatening are not true threats as a matter of law, and no context is needed to reach that conclusion.

The Government's contrary position relies on *United States v. Burger*, Nos. 25-50976 & 25-51021 (5th Cir. Mar. 19, 2026) (per curiam), espousing the proposition that the true-threat question must always go to a jury to establish context. But the factor that made dismissal premature in *Burger* is wholly absent here. The motion to dismiss should be granted.

## I. MR. WASZUT'S WORDS ARE NOT A TRUE THREAT AS A MATTER OF LAW, AND NO CONTEXT IS REQUIRED TO REACH THAT CONCLUSION.

The First Amendment permits punishment of "true threats" only, defined as "serious expression[s] of an intent to commit an act of unlawful violence to a particular individual or group." *Black*, 538 U.S. at 359. The Supreme Court has not hesitated to hold, as a matter of law, that a statement is not a true threat where its words do not clearly and seriously express such intent, distinguishable from political speech, hyperbole and sarcasm. In *Watts v. United States*, 394 U.S. 705, 708 (1969) (per curiam), the Court reversed a conviction because the defendant's statement, taken on its face, was "political hyperbole" rather than a true threat. The threshold inquiry thus begins, and here ends, with the words themselves.

The words charged against Mr. Waszut contain no serious expression of intent to commit violence. To "make him famous," to give someone "the cell block one treatment," and to "catch him when he's alone" are not, on their face, declarations that the speaker or anyone else will commit a specific act of violence. The phrase "cell block one treatment" carries no inherent violent meaning at all. It is opaque on its face and conveys nothing threatening standing alone. Ironically, it is the Government's argument that requires the context of knowing that if a person was incarcerated and put in general population that it could lead to someone potentially being assaulted. No reasonable person would know it was a real and specific threat that from the words for which Mr. Waszut is indicted.

The Indictment proves the point. It does not allege that the phrase "cell block one treatment" is threatening on its face; it must tell the reader what the phrase supposedly means, alleging that it "refers to subjecting a detainee to physical violence." The Government's need to define the phrase to render it threatening is a concession that the phrase is not threatening without that added meaning. The Government's argument requires context and facts outside the

indictment. A communication that depends on the Government's supplied interpretation to convey violence is not, in the words the speaker actually used, a "serious expression" of intent to commit violence. *Black*, 538 U.S. at 359.

## II. THE GOVERNMENT'S OWN ARGUMENT CONCEDES THAT CONTEXT IS REQUIRED—WHICH DEFEATS IT.

The Government argues that whether Mr. Waszut's post is a true threat is a question for the jury because the surrounding context must be weighed. That argument is self-defeating. If the words were a serious expression of intent to commit violence on their face, no resort to context would be necessary and no jury question would arise. The Government's insistence that context is required is therefore an admission that, standing alone, the charged words are not threatening. Protected speech does not forfeit its protection because the Government can assemble a menacing reading from material outside the words. The burden runs the other way. The speech is protected unless the words themselves seriously express intent to commit violence, and these do not.

## III. BURGER IS DISTINGUISHABLE AND CONFIRMS THAT DISMISSAL IS PROPER HERE.

*Burger* does not hold that the true-threat question is categorically reserved for the jury, as the Government argues. It holds that a court may not dismiss under Rule 12 where the threatening character of the speech turns on a genuinely disputed and factually undeveloped question of context. There, the defendant's statements, or threats to "detonate" munitions and commit "martyrdom," were made inside an immersive role-playing environment, and the dispositive dispute was whether that setting signaled fantasy or sincere intent. The pivotal fact that drove the Fifth Circuit to send the case to a jury was that multiple users actually perceived the statements as real threats and reported them to the FBI. Those competing facts, a role-play setting on one hand,

and recipients who took the threats seriously on the other was what created the very factual dispute about reasonable perception that required resolution at trial, with the testimony of the reporting witnesses.

Mr. Waszut's case is the opposite. No recipient perceived his post as a threat, and no one reported it as one. There are no "tipsters" whose testimony could illuminate how the communication was received, because there was no perceived threat to report. Where *Burger* had conflicting evidence of threatening perception, which is a conflict that demanded a trial, this case has none. The single factor the Fifth Circuit identified as making the question one for the jury is simply not present. Its absence means there is nothing for a jury to weigh and no contextual dispute to resolve.

## IV. BECAUSE NO CONTEXTUAL DISPUTE EXISTS, THE QUESTION IS LEGAL AND PROPERLY RESOLVED UNDER RULE 12.

The charged statement is set out in full in the Indictment, and its words, platform, and the absence of any reported threat are not in dispute. Whether facially non-threatening words constitute a true threat is a question of law. *Watts*, 394 U.S. at 708. Dismissal is appropriate where "it [is] clear from the parties' agreed representations about the facts … that a trial of the general issue would serve no purpose." *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010). Because no context is required to decide that Mr. Waszut's words are not a serious expression of intent to commit violence—and because the only contextual fact the Government could marshal, the perception of a recipient, does not exist here—this is the rare case suited to pretrial resolution.

## CONCLUSION

For the foregoing reasons, and those stated in his Motion, Mr. Waszut respectfully requests that the Court dismiss the Indictment as a matter of law.

Respectfully submitted,

***/s/ Amber Vazquez***
Texas Bar Number 24039225
Vazquez Law Firm, PLLC
608 West 12th St.
Austin, Texas 78701
512-220-8507 office
512-480-0760 facsimile
amber@CriminalLawAustin.co

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2026, I electronically transmitted the attached document, Defendant's Reply to Government's Response with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Zachary J. Kelehear**
The Findling Law Firm, P.C.
3575 Piedmont Rd NE
Ste Tower 15, Suite 1010
Atlanta, GA 30305
404-460-4500
Fax: 404-460-4501
Email: zack@findlinglawfirm.com

**Brent A. Gray**
Office of the United States Attorney-ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404-581-6077
Email: brent.gray@usdoj.gov

**Eric John White**
DOJ-USAO
75 Ted Turner Dr. SW
Suite 600
Atlanta, GA 30303
404-581-6045
Email: eric.white@usdoj.gov

***/s/ Amber Vazquez***

Texas Bar Number 24039225

Vazquez Law Firm, PLLC
608 West 12th St.
Austin, Texas 78701
512-220-8507 office
512-480-0760 facsimile
Info@CriminalLawAustin.com