IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA,   :

v.   :   CRIMINAL CASE NO.:

FRANK ANDREW WASZUT,   :   1:25-CR-423-MLB-JSA

Defendant.   :

## **REPORT AND RECOMMENDATION**

Defendant allegedly published a social media post identifying a U.S. deportation officer (identified as "Individual #1"), and stating in part:

> And he's an ICE agent this is him unmasked and also his wife[ ... ]. So, go ahead and make him famous. And if you see this motherfucker out in public give him the cell block one treatment. You know, catch him when he's alone.

Indictment [3]. The Indictment charges that this Instagram post was a threat to injure another person in interstate commerce in violation of 18 U.S.C. § 875(c). *Id.*

Defendant now moves to dismiss, *see* Motion [32], arguing that Defendant's words, on their face and/or with additional "context," were not a true threat subject to criminal prosecution as a matter of law, and to the contrary were protected acts of expression under the First Amendment. After careful consideration of the parties' briefs, however, the Court finds no basis to dismiss. Rather, Defendant's

1

arguments raise issues for the jury's determination. It is therefore

**RECOMMENDED** that the Motion to Dismiss [32] be **DENIED**.

### ANALYSIS

#### A. *Failure to State a Claim*

Federal Rule of Criminal Procedure 12 allows a Defendant to move to

dismiss a criminal charge for "failure to state an offense." Fed. R. Crim. P.

12(b)(3)(B)(v). In ruling on such a motion, "a district court is limited to reviewing

the face of the indictment and, more specifically, the language used to charge the

crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis

in original) (*citing United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). In

other words, at this juncture, the allegations in the indictment are treated as true.

*See United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986) ("In judging

the sufficiency of the indictment, the court must look to the allegations and, taking

the allegations to be true, determine whether a criminal offense has been stated.").

The offense at issue here is the interstate transmission of threats under 18

U.S.C. § 875(c). This offense contains the following elements, which must be

alleged in the Indictment and ultimately proven at trial: (1) a communication must

be transmitted in interstate commerce; (2) that communication must contain a

threat; and (3) the defendant must make the communication for the purpose of

communicating a threat or with knowledge that the communication will be viewed as a threat. *Elonis v. United States*, 575 U.S. 723, 732, 740 (2015).

This statute inherently criminalizes speech, which obviously raises potential First Amendment concerns. However, it is well established that "true threats" to kill, kidnap or injure another person or specific group of individuals are not protected by the First Amendment and may be subject to prosecution. *See, e.g., United States v. Fulmer*, 108 F.3d 1486, 1491 (1st Cir.1997) (A "true threat" has been made if the sender "should have reasonably foreseen that the statement he uttered would be taken as a threat by those to whom it is made.")

Generally, like all factual issues, "whether a communication is a threat is a question of fact to be left to the jury." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). Nevertheless, the Court may "properly dismiss an indictment as a matter of law if it concludes that no reasonable jury could find that the alleged communication constitutes a threat or a true threat." *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013). In making this assessment, the Court must "interpret the language Congress chose 'against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.'"

*Watts v. United States*, 394 U.S. 705, 708 (1969) (*quoting New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).

Like other issues under a motion to dismiss under Rule 12, however, dismissal as a matter of law is generally limited to the facts and other language alleged in the Indictment itself. The Eleventh Circuit has made clear that the Court may not dismiss prior to trial based on proffers or predictions of evidence that might be shown at trial, or based on the Court's own interpretation of that evidence:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges the language of the statute.

*Critzer*, 951 F.2d at 307 (per curiam). Indeed, it is inappropriate for district courts to adjudicate whether the Government will be able to prove its claims as a matter of law before trial even based on "stipulated or undisputed facts." *United States v. Salman*, 378 F.3d 1266, 1267 n. 4 (11th Cir. 2004).

Here, the Indictment alleges that Defendant identified Individual 1 and that person's wife, including with photographs, in an Instagram post; "unmask[ed]" that person as an ICE agent; and stated "So, go ahead and make him famous. And if you see this motherfucker out in public give him the cell block one treatment. You know, catch him when he's alone." Indictment [3]. Defendant argues that this

4

Indictment must be dismissed as no reasonable jury could see these words as a true threat. Rather, Defendant asserts that a reasonable jury could only conclude that these words constituted "satirical political commentary," and "rhetorical exaggeration," aimed at criticizing immigration policy in general and not as a threat of violence to Individual 1 or his wife personally. *See* Motion [32] at 3-5.

Looking solely at the facts alleged in the Indictment, as this Court is limited to doing at this juncture, the Court cannot agree that there is no "true threat" as a matter of law. A reasonable jury could find it reasonably foreseeable that the subjects of this post would take it as a threat of physical violence. To be sure, the mere statement, "make him famous," in combination with "unmask[ing]" him, by itself could refer to simply publicizing and revealing Individual 1 to be an ICE agent. Standing alone, these words would not necessarily be a "true threat." But when combined with suggestions that others "catch him when he's alone" and "give him the cell block one treatment," the Court has little hesitation in saying that a jury could find these statements to be threats. A jury could interpret these words as suggesting that others actively hunt for Individual 1 and retaliate against him the way a hostile fellow inmate or corrections officer might treat a snitch or other inmate deemed deserving of punishment when caught "alone" in the "cell block." Indeed, the suggestion that others "catch [Individual 1] when he's alone" mostly naturally suggests that they take action best saved for moments when a

5

victim might have no one around to help or even bear witness to what happens. A jury may infer that this was a foreseeable suggestion of violence.

Of course, the jury could agree with Defendant's arguments. The jury may see these statements as simple political hyperbole and nothing more than policy-related opposition to the current immigration and law enforcement agenda of the executive branch. But the Court sees no basis to find that to be the only conclusion a jury is permitted to reach.

Perhaps recognizing the potentially threatening nature of the words quoted in the Indictment, Defendant's Motion is replete with proffers of additional facts that Defendant suggests would be proven at trial. Defendant offers additional quotes from the Instagram post not included in the Indictment; statements from Defendant's Instagram profile; suggestions that Individual 1 did not file any complaints; representations that some of the language in the post reflected quotes from rap songs; representations as to supposedly similar posts shared by Defendant's Instagram followers; and other extrinsic facts that Defendant asserts lend "context" to the words quoted in the Indictment. Even if the Court could consider these proffered extrinsic facts, the Court would still find that a reasonable jury could find the existence of a threat. If anything, these hypothetical facts underscore how fact intensive the determination of a "true threat" often is, and why this question generally must be left to the jury to sort out.

But the even more basic, threshold answer to Defendant's arguments is that Court is simply not permitted to consider extrinsic facts not referred to in the Indictment. As explained above, the Court is not to go beyond the four corners of the Indictment itself in assessing whether it asserts a claim. The Indictment is plainly sufficient in that regard, and the rest are matters for trial.

Defendant cites *Watts*, but that case if anything reinforces that Defendant's motion must be denied. The Supreme Court in that case reversed the conviction of a defendant charged with threatening the President of the United States. Specifically, during a protest focused on police brutality, Watts, an 18-year-old protester, responded to another person's suggestion that young people should become more educated before expressing their views, by saying:

> They always holler at us to get an education. And now that I have already received my draft classification as 1-A and I have got to report for my physical this Monday morning. I am not going. If they ever make me carry a rifle, the first man I want to get in my sights is L.B.J. They are not going to make me kill my black brothers.

*Id.* at 706. Watts was convicted of making a threat to President Johnson, but the Supreme Court reversed and found that the trial judge should have granted Watt's post-trial motion for judgment of acquittal. The Court found that Watt's statements merely voiced political opposition, albeit crudely, and that "[t]aken in context, and regarding the expressly conditional nature of the statement and the reaction of the

listeners, we do not see how [the statement] could be interpreted otherwise." *Id*. at 708.

In other words, *Watts* was decided after trial based on an <u>evidentiary record</u> that included evidence as to "context" and the "reaction of the listeners." This case does not suggest that it is appropriate to dismiss here solely based on the Indictment, without any evidentiary record, when the Court is obliged to rely only on the facts alleged in the Indictment and to do so in the light most favorable to the Grand Jury's determination. There is no additional "context" that is appropriate for the Court to consider in this case at this juncture, including any "reaction" of Defendant's unknown Instagram follower base. The Court will retain the ability to re-consider dismissal or acquittal as a matter of law at or after trial, once such a record is established, as the Court in *Watts* found would have been appropriate in that case. But there remains no basis to dismiss pre-trial under Rule 12.[1]

---

[1] Further, the Defendant's statement here was not "expressly conditional," as the Supreme Court characterized the statement in *Watts*. Specifically, in that case, the only reference to potentially targeting the President was in a hypothetical event ("if they ever make me carry a rifle") which Watts disclaimed would actually happen, because he was "not going" to report to his draft assignment to even get a rifle. The Defendant's words here, by contrast, were not conditional or hypothetical, or at least a reasonable jury would be entitled to conclude as much. According to the Indictment, the Defendant's express instructions to his Instagram followers were, without any conditions or any hypothetical triggering events, to "catch" the Defendant somewhere "alone" and "give him the cell block one treatment." The direct and unconditional nature of these statements distinguish them from those at issue in *Watts* at least without more factual development.

**B.** *Void-For-Vagueness*

Defendant's Motion to Dismiss includes a second, two-sentence long argument:

> Second, the prosecution violates the Fifth Amendment's Due Process Clause because it deploys a threat statute that is void for vagueness. The statute fails to give a person of ordinary intelligence notice of what conduct is forbidden – it provides no fair warning of what statements will qualify as criminal threats. *Pappachristou v. Jacksonville*, 405 U.S. 156 (1972).

Motion [32] at 2. Defendant does not otherwise articulate this argument at all or cite any cases applying a void-for-vagueness analysis to the interstate threat statute.[2]

This argument is arguably not sufficiently developed to even be properly asserted at all. The Government also points out that the § 875(c) has been upheld against void-for-vagueness challenges. *See* Gov't Br. [35] at 5 n. 1 (*citing United States v. Miah*, 120 F.4th 99, 108 (3d Cir. 2024) (rejecting argument that 18 U.S.C. § 875(c) is void for vagueness); *United States v. Sutcliffe*, 505 F.3d 944, 953–54 (9th Cir. 2007) (same)). The Defendant's reply brief does not dispute these statements or re-visit a void-for-vagueness argument.

---

[2] *Papachristou* involved a challenge to a municipal vagrancy ordinance. Defendant appears to cite this case solely for the existence of the void-for-vagueness doctrine, not because it sheds any specific light on the constitutionality of Section 875(c).

The Court, which has already devoted more than ten times the amount of ink to this issue that Defendant has, finds no merit in this ground for dismissal. The vagueness doctrine "is an outgrowth...of the Due Process Clause of the Fifth Amendment." *United States v. Williams*, 553 U.S. 285, 304 (2008). A statute violates the Due Process Clause if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Id.* Here, "numerous cases provide clear guidance as to the constitutionally-permissible scope of Section 875(c), thereby undermining Defendant's vagueness argument." *United States v. Abbott*, No. 24-cr-20098, 2025 WL 1744360, *3 (S.D.Fla. June 24, 2025) (slip copy) (gathering authority). Defendant's throw-away Due Process argument fails.

**CONCLUSION**

Defendant's Motion to Dismiss [32] should be **DENIED**. This case is **READY FOR TRIAL**.

**IT IS SO RECOMMENDED** on this 8th day of July, 2026.

_____

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE