IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>FRANK WASZUT | Criminal Action No.<br>1:25-cr-00423-MLB-JSA |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**

The United States of America, by and through its attorneys, respectfully asks the Court to overrule Defendant Frank Waszut's objections, adopt the magistrate judge's report and recommendation, and deny the motion to dismiss.

The report and recommendation correctly held that the indictment is "plainly sufficient" in charging Waszut with making a true threat. Doc. 37 at 7. As the United States explained in its opposition to the motion to dismiss, Doc. 35 at 3–5, an "indictment is sufficient if it charges in the language of the statute," which the indictment here does. *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The indictment also contains "a statement of the facts and circumstances [sufficient to] inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (citation omitted). Waszut does not argue otherwise. The magistrate judge therefore correctly recommended that the motion to dismiss be denied.

Waszut's objections to the report and recommendation all depend on a single misconception—that this Court may consider the sufficiency of the evidence to determine whether a "reasonable jury could find that the alleged communication constitutes a threat or a true threat." Doc. 39 at 3 (quoting *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013)). But the Eleventh Circuit has squarely held that there is no procedure for pre-trial "summary judgment" on the "sufficiency of the evidence," even if the facts are undisputed. *United States v. Salman*, 378 F.3d 1266, 1268 & n.5 (11th Cir. 2004). Waszut's insistence that the "charged words" do not carry "an inherent violent meaning," Doc. 39 at 4, is thus premature. "[W]hether a communication is a threat is a question of fact to be left to the jury." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). Waszut may argue his statement was not a true threat at trial, and in a motion for acquittal under Rule 29 during or after trial. But he may not do so now.

## 1. STANDARD

This Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court has "broad discretion over the report and recommendation," *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006), including the power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

## 2. ARGUMENT

Each of Waszut's objections to the report and recommendation fail.

First, he contends that the magistrate judge should have recommended dismissal because "no reasonable jury could find that the alleged communication constitutes a threat or a true threat." Doc. 39 at 3 (quoting *Stock*, 728 F.3d at 298). That is not the governing standard. Binding precedent holds that there is no procedure for pre-trial "summary judgment" on the "sufficiency of the evidence." *Salman*, 378 F.3d at 1268 & n.5. Even if the facts are "stipulated or undisputed," Rule 12 does not give district courts "authority to grant a pre-trial judgment as a matter of law on the merits." *Id.*

Waszut does not cite this controlling Eleventh Circuit precedent, much less distinguish it. He instead relies exclusively on the Third Circuit's decision in *Stock*. He cites no Eleventh Circuit case adopting *Stock's* standard. And *Stock* is in direct conflict with *Salman*, which holds that "Rule 29"—not Rule 12—"is the proper avenue for contesting the sufficiency of the evidence." *Id.* at 1268. After the close of evidence or after trial, Rule 29 authorizes "[t]he court [to] ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999). But before trial, "the sufficiency of a criminal indictment is determined from its face," and the indictment need only "charge[ ] the language of the statute." *Critzer*, 951 F.2d at 307. The Eleventh Circuit thus forbids district courts from conducting a sufficiency-of-the-evidence analysis before trial, even if based on stipulated or undisputed facts. To the extent *Stock* holds differently, it does not control.

Second, Waszut objects that the "charged words" do not carry "an inherent violent meaning," Doc. 39 at 4. But "[a] defendant need not precisely or explicitly

reference physical harm to communicate a true threat." *United States v. Dennis*, 132 F.4th 214, 230 (2d Cir. 2025). 18 U.S.C. § 875(c) criminalizes even "communication[s]" that can be interpreted as a threat only if understood in "context." *United States v. Matthews*, 431 F.3d 1296, 1310 (11th Cir. 2005); *see also United States v. Burger*, 170 F.4th 395, 402 (5th Cir. 2026) ("When it comes to the true-threats analysis, 'context is critical.'" (citation omitted)); *Dennis*, 132 F.4th at 230 ("[A] seemingly ambiguous communication is properly considered in context to determine whether it implicitly conveyed a true threat."). The Government need not plead this inherently fact-based context in the indictment, much less prove that the communication qualifies as a true threat in this pre-trial posture. The evaluation of the context surrounding Waszut's communication is a question of fact for the jury. *Davis*, 854 F.3d at 1293. And "a court may not dismiss an indictment" on "a determination of facts that should [be] developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

Third, and for the same reason, Waszut's argument that "the words alleged in the Indictment . . . are [not] capable of constituting a true threat," Doc. 39 at 5–8, improperly asks this Court to weigh the sufficiency of the Government's evidence. Waszut concedes that "whether the Government can prove a threat" is "a matter for trial." Doc. 39 at 6. But he then asks the Court to analyze "whether the charged words are the kind of speech that can be criminalized at all." Doc. 39 at 6. Those questions are indistinguishable. If the jury concludes that Waszut made true threats, then his communication necessarily "lie[s] outside the bounds of the First Amendment's protection." *Counterman v. Colorado*, 600 U.S. 66, 72

(2023). And, again, the question "*whether* a communication is a threat is a question of fact to be left to the jury." *Davis*, 854 F.3d at 1293 (citation omitted) (emphasis added).

Fourth, Waszut argues that magistrate judge erred in distinguishing *Watts v. United States*, 394 U.S. 705 (1969). *See* Doc. 39 at 8–9. But the magistrate judge correctly noted that *Watts* involved a mid-trial motion for acquittal under Rule 29. *See* Doc. 37 at 8; 394 U.S. at 706. *Watts* thus supports the unremarkable point that, during or after trial, the district court may enter a judgment of acquittal in a true threats case if the evidence is insufficient. "Because [Waszut] was properly indicted, the government is entitled to present its evidence at trial." *Salman*, 378 F.3d at 1268. Waszut must wait until that trial to dispute the sufficiency of the evidence against him. This Court should adopt the report and recommendation and deny the motion to dismiss.[1]

---

[1] Finally, Waszut "preserves" his Fifth Amendment vagueness challenge to 18 U.S.C. § 875(c) for further review. Doc. 39 at 9. Waszut does not dispute that federal courts have rejected facial vagueness challenges to § 875(c). *See* Doc. 35 at 5 n.1 (collecting cases). He instead makes a new argument: that the statute is vague insofar as it "reaches facially non-threatening political speech that acquires a criminal meaning only through government-supplied definition." Doc. 39 at 9. Again, communications that are not facially threatening can be a true threat—if the jury finds that the surrounding context establishes as much. And, in any event, Waszut's belief that the evidence is insufficient does not create a vagueness problem. "Close cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." *United States v. Williams*, 553 U.S. 285, 306 (2008).

## Conclusion

The Court should adopt the report and recommendation and deny the motion to dismiss.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/BRENT ALAN GRAY
*Assistant United States Attorney*
Georgia Bar No. 155089
Brent.Gray@usdoj.gov

/s/DREW F. WALDBESER
*Assistant United States Attorney*
Georgia Bar No. 862285
Drew.Waldbeser@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Amber Vazquez
Vazquez Law Firm, PLLC
608 West 12th Street.
Austin, TX 78701
amber@criminallawaustin.com
512-220-8507

Zachary J. Kelehear
The Findling Law Firm, P.C.
3575 Piedmont Rd NE
Ste Tower 15, Suite 1010
Atlanta GA, 30305
zack@findlinglawfirm.com
404-460-4500

August 5, 2026

/s/ DREW F. WALDBESER
DREW F. WALDBESER
*Assistant United States Attorney*