**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

United States of America,

v.                                                    Case No. 1:25-cr-423-MLB

Frank Andrew Waszut,

                        Defendant.

_____/

## <u>ORDER</u>

For the reasons below, the Court overrules Defendant Frank Waszut's objections (Dkt. 39), adopts the Magistrate Judge's report and recommendation (Dkt. 37), and denies Defendant's motion to dismiss (Dkt. 32).

### I.   Background Facts

The United States alleges Defendant Frank Waszut used his Instagram account to publish a photograph of a Department of Homeland Security officer with a caption saying "he's an ICE agent this is him unmasked . . . so, go ahead and make him famous.  And if you see this motherfucker out in public give him the cell block one treatment.  You know, catch him when he's alone."  (Dkt. 3.)  The United States charged

Defendant Waszut with transmitting a threat to injure another person in violation of 18 U.S.C. § 875(c), alleging he made his Instagram post while "consciously disregarding a substantial risk that his communication would be viewed as threatening violence." *Id.*

Defendant Waszut moves to dismiss, arguing his post was not a true threat subject to criminal prosecution as a matter of law and, instead, was protected First Amendment activity. (Dkt. 32.) He argues the broader context of his post—including other statements in the post about the officer and the officer's wife, his use of the acronym "LMAO," and information in his Instagram account identifying himself as "Your friendly neighborhood autistic, bi, ginger DILF (an acronym for Dad I'd Like to F*ck), roasting MAGA (an acronym for Making America Great Again, to reference supporters of President Trump) 24/7"—would cause any reasonable person to understand his post was merely "satirical political commentary" and "rhetorical exaggeration" aimed at criticizing immigration policy rather than communicating a true threat of violence. (Dkt. 32 at 2-4.) The Magistrate Judge issued a report and recommendation, saying this Court should deny his motion and permit a jury to decide whether his post violated the criminal statute. (Dkt. 37.)

Defendant Waszut filed objections.  (Dkt. 39.)

## II.  Standard of Review

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020); see *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.").  A court must conduct a plain error review of the record for findings and recommendations to which a party has not asserted objections.  *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).  "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III.  Discussion

A court may "properly dismiss an indictment [alleging the communication of a threat] as a matter of law if it concludes that no

reasonable jury could find that the alleged communication constitutes a threat or a true threat." *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013). Defendant Waszut concedes the Magistrate Judge recognized his authority to do this. (Dkt. 37 at 3.) He contends, however, that the Magistrate Judge failed to apply this standard in determining whether his words—within the context of the Instagram post—"cross[ed] the constitutional threshold." (Dkt. 39 at 3-4.)

The Court disagrees. The Magistrate Judge recognized that, while a court may consider whether the charged communication constitutes an illegal threat, its review is cabined to the four corners of the indictment— thus precluding the Court from considering the other context Defendant Waszut injects in his motion or otherwise weighing the evidence. (Dkt. 37 at 5.) That limitation is well established. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) ("may not dismiss an indictment . . . on a determination of facts that should have been developed at trial."). And that is exactly what the Magistrate Judge did. Eschewing extra-indictment information Defendant Waszut included in his motion to dismiss and instead "[l]ooking solely at the facts alleged in the indictment" (*id.*), the Magistrate Judge determined a jury could find

4

Defendant Waszut's statement that people should "catch" the officer "when he is alone" and "give him the cell block one treatment" constitutes a "foreseeable suggestion of violence." (*Id.* at 6.) The Court overrules Defendant Waszut's objection that the Magistrate Judge failed to apply the correct standard.

Defendant Waszut next argues the Magistrate Judge erred in determining those words might constitute a threat. He focuses on the Magistrate Judge's determination that "[a] jury could interpret these words as suggesting that others actively hunt for [the officer] and retaliate against him the way a hostile fellow inmate or corrections officer might treat a snitch or other inmate deemed deserving of punishment when caught 'alone' in the 'cell block.'" (Dkt. 37 at 5.) Defendant Waszut says nothing in the Instagram post refers to prison, an inmate, a snitch, or hunting anyone. (Dkt. 39 at 5.) He argues the Magistrate Judge had to "import" those words into the Instagram post to find it threatening. (*Id.*) Not so. Defendant Waszut introduced the concepts of prisons and pursuit by using the words "cell block" and "catch." Many people—including a reasonable juror—might view prison as a dangerous place where being alone can be particularly unsafe. The Magistrate Judge was

simply explaining that a reasonable juror could view Defendant Waszut's encouragement to "catch" the officer when he was alone and give him the "cell block one treatment" as an invitation to assault the officer.

Defendant Waszut separately contends the Magistrate Judge "applied the four-corners rule asymmetrically" by (properly) refusing to consider his evidence of context while considering the United States's evidence of context by "supplying the prison-violence connotations . . . to construct a threat the words do not state." (Dkt. 39 at 5-6.) That is not accurate. Defendant Waszut confuses the external context of his words and the interpretation of the words included in the indictment. He seeks to bring into this case, other portions of his post, self-describing information from his Instagram account, the fact the officer filed no complaints about the post, and external information about rap songs—none of which appear in the indictment. The Magistrate Judge, by contrast, merely recognized the words used in the post, given their ordinary meaning, could suggest finding someone alone and hurting that person. One need not consider rap lyrics or any external sources to conclude a reasonable juror could believe the call to give someone you label a "motherfucker" "the cell block one treatment" when you find that

person alone, means to hurt that person.  The Magistrate Judge did not selectively apply the mandate that the Court review the sufficiency of the indictment within its four corners.

Finally, Defendant Waszut contends the Magistrate Judge erred in concluding the Supreme Court's decision in *Watts v. United States*, 394 U.S. 705 (1969), "does not *authorize* dismissal here."  (Dkt. 39 at 8 (emphasis added).)  But the Magistrate Judge did not say that.  Rather, he explained that *Watts* "does not *suggest that it is appropriate* to dismiss here solely based on the indictment, without any evidentiary record." (Dkt. 37 at 8 (emphasis added).)  The Magistrate Judge was correct. Much of Defendant Waszut's attack on the indictment relies on context not included in the indictment.  The Court cannot consider that information now, but Defendant Waszut may present it at trial and, if appropriate, seek a judgment of acquittal.  That's what happened in *Watts.*  So *Watts* supports the Magistrate Judge's recommendation that the Court deny Defendant Waszut's motion, subject to additional argument at or after trial.[1]

---

[1] The Magistrate Judge concluded Defendant Waszut's two-sentence void for vagueness challenge was not properly presented (including because

## IV.   Conclusion

The Court **OVERRULES** Defendant Frank Waszut's objections to the report and recommendation (Dkt. 39), **ADOPTS** the Magistrate Judge's report and recommendation (Dkt. 37), and **DENIES** Defendant Waszut's motion to dismiss (Dkt. 32).

**SO ORDERED** this 6th day of August, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

he did not respond to the United States's arguments in his reply brief) and, even if it were, "numerous cases provide clear guidance as to the constitutionally-permissible scope of Section 875(c), thereby undermining Defendant's vagueness argument."  (Dkt. 37 at 10 (citing *United States v. Abbott*, 2025 WL 1744360, *3 (S.D. Fla. June 24, 2025).)  Defendant Waszut offers no specific objection to this conclusion but says he "states this objection to preserve the issue for review."  (Dkt. 39 at 9.)  The Court sees no error (clear or otherwise) in the Magistrate Judge's procedural or substantive conclusions in this regard.